770 So.2d 1059 (2000)
Beatrice E. OLIVER
v.
Patricia TOWNS.
1982303.
Supreme Court of Alabama.
March 10, 2000.
Rehearing Denied May 5, 2000.
*1060 Beatrice E. Oliver, appellant, pro se.
James G. Bodin and Julian L. McPhillips of McPhillips, Shinbaum & Gill, L.L.P., Montgomery, for appellee.
HOUSTON, Justice.
Patricia Towns hired lawyer Beatrice Oliver to represent Towns in regard to a personal-injury claim. The claim was settled for $12,000. Towns and Oliver had a contingency-fee contract by which Towns was to receive 60% of the settlement ($7,200), with Oliver receiving 40% as her fee. Towns never saw the settlement check, because Oliver forged Towns's endorsement and kept the entire $12,000 for herself.
Towns sued Oliver to recover funds received by Oliver for Towns but not remitted to Towns. The court entered a default judgment against Oliver. It awarded Towns $500,000 in compensatory damages to compensate for money she should have received and for the mental anguish she claimed to have suffered. The court also awarded punitive damages of $1 million. Oliver moved for a hearing to review the question whether Towns had presented clear and convincing evidence supporting the award of punitive damages and the question whether the compensatory and punitive awards were excessive. The trial court denied her motion. Oliver then appealed to this Court, which affirmed the denial of Oliver's motion to set aside the default judgment, but reversed the order denying Oliver a hearing on the question of excessiveness of damages. Oliver v. Towns, 738 So.2d 798 (Ala.1999). This Court remanded with instructions for the trial court to hold a hearing to determine whether the amount of compensatory damages and the amount of punitive damages were excessive. In addition, we also instructed the trial court to address the issue whether the $250,000 cap on punitive damages set out in Ala.Code 1975, § 6-11-21, would apply to this case.[1]
*1061 On remand, Towns moved to reduce the amount of punitive damages from $1 million to $249,000. The trial court proceeded with the hearing. After the hearing, the trial court in effect granted Towns's motion and reduced the punitive damages to $249,000, but left the compensatory award unchanged.
Oliver has appealed again. She contends that the trial court erred in granting Towns's motion to reduce the punitive damages because, she argues, both the punitive award and the compensatory award are still excessive.
We first address the issue whether the $500,000 compensatory award was excessive. The actual financial loss claimed in this case was $7,200. Therefore, we must conclude that the court awarded $492,800 for Towns's mental anguish. This Court has worked diligently over the past few years to formulate a consistent law regarding the amount of damages that can be awarded for mental anguish. See Kmart Corp. v. Kyles, 723 So.2d 572 (Ala. 1998), and Foster v. Life Ins. Co. of Georgia, 656 So.2d 333 (Ala.1994).
In Kyles, a case involving a malicious prosecution, this Court held that the jury had abused its discretion in awarding compensatory damages of $100,000, of which $90,000 was for mental anguish, because "[t]he only evidence of Kyles's alleged mental suffering was her husband's testimony that she cried on one occasion when she telephoned him to say that she had been arrested." Kyles, 723 So.2d at 577-78.
Foster involved a plaintiff who "had been paying over a fifth of her monthly income to an insurance company for a worthless policy." Foster, 656 So.2d at 337. Foster's out-of-pocket loss was $2,468.60 in premiums and $95 in medical bills. Id. at 336. This Court reduced the award of compensatory damages from $250,000 to $50,000 because the only evidence presented in support of the claim for mental-anguish damages was the plaintiff's "bare assertion that the discovery of fraud affected her `a lot' and that she sued two months after the mental anguish and emotional distress began." Id. at 337.
Both Kyles and Foster indicate that a plaintiff must present a significant amount of evidence to show the effects of the mental anguish before she can receive a mental-anguish award measured in the hundreds of thousands of dollars.
Reviewing the record, we find that the only evidence regarding Towns's claimed mental anguish is her testimony that she suffered "a lot of [mental anguish]" and that she had to seek counseling because of her worry over losing the opportunity to buy a house. The record contains no evidence from the counselor relating to Towns's mental anguish. It is apparent to us that while Towns did offer more evidence than the plaintiff in Foster offered, she did not offer much more. She simply did not present enough evidence to support a compensatory-damages award of $500,000 when her actual monetary loss was only $7,200. In light of Kyles and Foster, we see no reason why the compensatory damages in this case should exceed $75,000.
Next, we must consider the punitive-damages award of $249,000.[2] When compared to a compensatory-damages award of $75,000, the ratio of punitive damages to compensatory damages is slightly higher than 3:1. This case involves an attorney who misappropriated the proceeds of a client's settlement check. Because of this particularly reprehensible *1062 act, we cannot hold that the $249,000 punitive award is excessive.
We affirm the punitive-damages award of $249,000. We also affirm the award of compensatory damages on the condition that the plaintiff file with this Court, within 30 days, a remittitur reducing the compensatory-damages award to the sum of $75,000; otherwise, the damages awards will be reversed and the case remanded.
AFFIRMED WITH RESPECT TO THE PUNITIVE-DAMAGES AWARD; AFFIRMED CONDITIONALLY WITH RESPECT TO THE COMPENSATORY-DAMAGES AWARD.
HOOPER, C.J., and MADDOX, LYONS, BROWN, and ENGLAND, JJ., concur.
JOHNSTONE, J., concurs specially.
COOK and SEE, JJ., concur in the result.
JOHNSTONE, Justice (concurring specially).
While I disagree with the main opinion in its citation of Kmart Corp. v. Kyles, 723 So.2d 572 (Ala.1998), for the reasons stated in my special writing in Delchamps, Inc. v. Bryant, 738 So.2d 824, 841-43 (Ala.1999), the rationale of the main opinion in the case presently before us regarding remittitur of the compensatory damages including mostly mental anguish is consistent with the test I suggested in my Delchamps special writing at 738 So.2d at 843. Paraphrasing that test, the evidence of mental anguish in the case before us is not of such weight and quality that fair-minded persons in the exercise of impartial judgment could reasonably infer the existence of $500,000 worth of damage to be compensated. On the other hand, the evidence in the case before us, all factors considered, is of such weight and quality that fairminded persons in the exercise of impartial judgment could reasonably infer the existence of $75,000 worth of damage to be compensated, the quantum to which the main opinion remits the compensatory damage award. I agree with the main opinion that the plaintiff "simply did not present enough evidence to support a compensatory-damages award of $500,000 when her actual monetary loss was only $7,200."
NOTES
[1] The cap on punitive damages in § 6-11-21 had been held unconstitutional in Henderson v. Alabama Power Co., 627 So.2d 878 (Ala. 1993). However, as this Court pointed out in the first Oliver opinion, later developments in due-process law had called into question whether Henderson remained good law. See Oliver, 738 So.2d at 804 n. 7.
[2] Because the punitive damages have been reduced to an amount less than $250,000 the amount of the cap in § 6-11-21the question whether Henderson is still good law, a question discussed in the first Oliver opinion (see n.1, supra), is no longer before us.